United States District Court
Southern District of Texas
**ENTERED**
February 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **TRINIDAD C. HERNANDEZ AND JAVIER HERNANDEZ INDIVIDUALLY AND AS NEXT FRIENDS/PARENTS OF A.A.H., A MINOR CHILD,** | § § § § § § | |
| **Plaintiffs,** | § § | |
| V. | § § | CIVIL ACTION NO. 5:21-CV-80 |
| **UNITED STATES OF AMERICA,** | § § § | |
| **Defendant.** | § | SEALED |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Approval of Minor's Settlement and for Disbursement of Funds. (Dkt. No. 31). The parties seek approval of the proposed settlement of minor Plaintiff Arian A. Hernandez ("A.A.H."), a minor, without the appointment of a guardian ad litem. For the reasons stated below, the Undersigned **RECOMMENDS** that the District Court approve the proposed settlement as it pertains to the minor Plaintiff A.A.H.

### I. Background

On December 18, 2018, Plaintiff Trinidad Hernandez and her son, A.A.H., were involved in a motor vehicle accident in Laredo, Texas with a vehicle operated by Oscar Palacios, who was acting in the course and scope of his employment with the Department of Veterans Affairs, an agency of the United States of America. (Dkt. No. 19-2 at 4). Plaintiffs sued the United States of America pursuant to the Federal Tort Claims Act. (*Id.* at 2). *See* 28 U.S.C. § 2674.

On December 15, 2022, the parties participated in mediation conducted by the Undersigned. (Min. Entry Dec. 15, 2022). At the conclusion of the mediation, the parties announced that they had reached an agreement to settle all claims. (*Id.*). Plaintiffs filed the instant motion on January 13, 2023, (Dkt. No. 31), and filed copies of the settlement agreement and settlement statements on February 2, 2023, (Dk. No. 34). The

Undersigned held a hearing on the instant motion on February 13, 2023. (Min. Entry Feb. 13, 2023).

## II. Legal Standards

A district court has the "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Del Bosque v. AT&T Advert., L.P.*, 441 Fed. App'x 258, 260 (5th Cir. 2011) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). "The gravamen of an approvable proposed settlement is that it be 'fair, adequate, and reasonable and is not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The law of the minor's domicile "presumptively . . . would control" in determining whether a next friend may settle a claim on the minor's behalf. *St. John Stevedoring Co., Inc. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987). Federal Rule of Civil Procedure 17 provides that a minor may sue by a next friend, as follows:

> (c) Minor or Incompetent Person
>
> [ . . . ]
>
> (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

FED. R. CIV. P. 17(c)(2). Additionally, Texas Rules of Civil Procedure 44, provides:

> Minors, lunatics, idiots, or persons non compos mentis who have no legal guardian may sue and be represented by "next friend" under the following rules:
>
> (1) Such next friend shall have the same rights concerning such suits as guardians have, but shall give security for costs, or affidavits in lieu thereof, when required.
>
> (2) Such next friend or his attorney of record may with the approval of the court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit.

TEX. R. CIV. P. 44.

"A minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*. The Court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." FED. R. CIV. P. 17(c)(2). Typically, a court cannot appoint a guardian *ad litem* where the minor is already represented by someone who is considered appropriate under the law of the forum state. *Rivas v. Greyhound Lines, Inc.*, 2015 WL 13710123, at *1 (W.D. Tex. June 18, 2015).

### III. Findings of Fact and Conclusions of Law

At the February 13, 2023 hearing, Plaintiffs' counsel presented the proposed settlement amounts, stating that Plaintiff Trinidad Hernandez will receive $150,000 to resolve her claims. (*See* Dkt. No. 34 at 1). Pursuant to the settlement agreement, Defendant also agreed to pay the minor Plaintiff, A.A.H., $13,000 to resolve his claims. (*See id.* at 7). Plaintiffs' counsel waived attorney's fees as to the minor Plaintiff's portion of the settlement. (*See* Dkt. Nos. 31 at 2, 34-2 at 1). Therefore, after deducting record retrieval expenses of $123.51 and a lien of $2,183.17 for medical expenses, the minor Plaintiff will receive a total amount of $10,693.32. (*See* Dkt. No. 34-2 at 1).

The parties represented that the minor Plaintiff did not suffer any serious or permanent physical injuries from the accident. (Min. Entry Feb. 13, 2023). The minor Plaintiff's parents testified that he was five years old when the accident occurred. (*Id.*). They stated that he suffered minor soft tissue injuries, for which he received medical treatment in an emergency room—though he was not transported there by ambulance. (*Id.*). They further stated that he suffered some emotional trauma from the accident which lasted for months after the accident. (*Id.*). However, they testified that his injuries have not affected his academic performance in school or his active participation in multiple sports. (*Id.*).

After independent review of the settlement agreement and consideration of the parties' representations, the Undersigned finds that the there is no conflict of interest between Plaintiffs Trinidad Hernandez and Javier Hernandez, and the minor plaintiff A.A.H., and will recommend that the District Court find the appointment of a guardian ad litem is not necessary. The Undersigned further finds that the minor Plaintiff's interests have been properly protected, and that the proposed settlement agreement is

fair, reasonable, and in the minor Plaintiff's best interests. Furthermore, the Undersigned finds that depositing the minor Plaintiff's settlement funds into the Registry of the Court until the minor Plaintiff reaches the age of majority is in the minor Plaintiff's best interests.

For the foregoing reasons, the Undersigned **RECOMMENDS** that the District Court **FIND** that the appointment of a guardian ad litem is not necessary and **APPROVE** the proposed settlement as it pertains to the minor Plaintiff, A.A.H.

The Court further **RECOMMENDS** that, upon receipt of the settlement funds for the minor Plaintiff, the Clerk of Court be **DIRECTED** to deposit said funds into an interest-bearing account. The minor Plaintiff, A.A.H., will be entitled to withdraw the settlement fund upon reaching eighteen years of age and upon the filing of a proper motion and order by the Court.

The Clerk of Court is **DIRECTED** to email a copy of this Report and Recommendation to all counsel of record at their last known email addresses.

## IV. Parties' Waiver of Objections and Request to Adopt this Report

At the close of the hearings, after this Court announced its findings and recommendations and of the parties' right to object, Plaintiff and Defendants, through their counsel, waived their right to object to the proposed findings and recommendations contained in this Report, stated that they had no objection to the Court's findings, and requested that the District Court accept the findings of this Court. Therefore, the District Court may act on this Report immediately.

**SIGNED** on February 13, 2023.

_____
John A. Kazen
United States Magistrate Judge